UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ENRIQUE MIRANDA AVILA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07757-DC-JDP<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the merits of Petitioner's habeas petition. (Doc. No. 8 at 1.) Petitioner opted not to file a reply and therefore has not indicated opposition to the court ruling on the merits of his habeas petition. For the reasons explained below, the court finds that Respondents violated Petitioner's Fifth Amendment right to due process by detaining him without providing him an opportunity to contest the basis for his detention in violation of 8 C.F.R. §§ 241.4 and 241.13. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

/////

## BACKGROUND

### A. Factual Background

Petitioner Pedro Enrique Miranda Avila is a native of Venezuela. (Doc. No. 1 at ¶ 1.) Petitioner entered the United States without inspection in September of 2021. (*Id.* at ¶ 42.) After entering the United States, Petitioner filed applications for immigration relief including an asylum application and a petition for withholding of removal. (*Id.*) On April 4, 2024, an immigration judge denied Petitioner's asylum application but granted Petitioner's request for withholding of removal to Venezuela. (Doc. No. 8 at 2, 13–24.) Petitioner did not appeal that order to the Board of Immigration Appeals. (*Id.* at 2.)

On August 2, 2026, Petitioner was encountered by U.S. Immigration and Customs Enforcement ("ICE") officers at the Salt Lake County Adult Detention Complex where Petitioner was being held in relation to his arrest for property damage in the amount of less than $500 and domestic violence in the presence of a child. (*Id.* at 30–31.) Petitioner has been in ICE custody since that time while he is processed for removal to a third country. (*Id.* at 31.)

On September 23, 2026, Petitioner filed the pending habeas petition arguing that his arrest without pre-deprivation process violates his constitutional right to due process. (Doc. No. 1 at 19–20.) On that same day Petitioner filed the pending motion for a temporary restraining order requiring his immediate release. (Doc. No. 3.)

On September 28, 2026, Respondents filed an omnibus answer to Petitioner's habeas petition and opposition to Petitioner's motion for a temporary restraining order arguing that Petitioner was lawfully detained under 8 U.S.C. § 1231(a)(6). (Doc. No. 8.) On October 13, 2026, the court ordered Respondents to file a supplemental brief attaching "all documentation and evidence verifying [the] basis for [Petitioner's] detention and reflecting the steps the detaining agency took to comply with the procedural requirements of that detention authority." (Doc. No. 9.) On October 19, 2026, Respondents filed a supplemental brief attaching a third country notice of removal to Mexico dated September 24, 2026, a warning to Petitioner that he must assist with the removal process, and a warrant of removal dated August 8, 2026. (Doc. No. 12 at 4–14.) Respondents additionally attached Petitioner's order of release on recognizance dated October 8,

2021. (*Id.* at 16–18.)

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

Both parties agree that Petitioner is subject to a final order of removal such that his current immigration detention is governed by 8 U.S.C. § 1231(a)(6). (Doc. Nos. 1 at 12; 8 at 2.) Petitioner argues, however, that due to his previous compliance with his release on an order of recognizance and the government's awareness of his presence in the United States, he was entitled to pre-deprivation process before he could be detained. (Doc. No. 1 at 16–20.) Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6), which permits discretionary detention beyond the 90-day removal period, and that his detention has not exceeded six months such that his continued detention remains presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. No. 8 at 2–4.) Respondents do not address Petitioner's argument relating to pre-deprivation process other than to state that at the time he was detained Petitioner was "processed [] for third country removal . . . after confirming that he was still afraid to return to Venezuela, and [told] that he would be held pending the removal." (Doc.

No. 12 at 1–2.) Respondents further emphasize that Petitioner was not on supervised release at the time of his detention. (*Id.* at 2.)

This court has repeatedly held that where the government has knowledge of a noncitizen's allegedly unlawful presence in the United States but does not timely detain the noncitizen for removal proceedings, due process requires that the government provide the noncitizen with a pre-deprivation bond hearing before they may be detained. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219 (E.D. Cal. Oct. 1, 2026) (holding that noncitizen who overstayed her visa was entitled to pre-deprivation bond hearing when she repeatedly applied for immigration relief after expiration of her visa but was not promptly detained); *Antunez-Santos v. Chestnut*, No. 1:26-cv-07587-DC-AC, 2026 WL 3072454 (E.D. Cal. Oct. 14, 2026) (same as to noncitizen detained over two years after expiration of his temporary protected status). However, the petitioners in those cases were detained under § 1226(a), whereas here Petitioner is detained under § 1231(a).

Another court in the Ninth Circuit, however, recently considered a substantially similar situation. In *Orellano v. Hernandez*, No. 2:26-cv-01167-LK, 2026 WL 1283520 (W.D. Wash. May 11, 2026), the petitioner was a noncitizen who was ordered removed from the United States on March 4, 2025, but was not in ICE custody at the time her removal order became final and was not detained until approximately one year later. *Orellano*, 2026 WL 1283520, at *1. The petitioner, like Petitioner in this case, was not provided with any pre-deprivation process. *Id.* After determining that the petitioner was detained pursuant to 8 U.S.C. § 1231(a)(6), the court in *Orellano* concluded that the petitioner was statutorily entitled to the pre-deprivation process provided in 8 C.F.R. §§ 241.4 and 241.13. *Id.* at *4. The court in *Orellano* clarified that those provisions facially pertain to the "revocation of release of a noncitizen previously released pursuant to 8 U.S.C. § 1231(a)(6)" but that the government "opted not to detain [the petitioner] for roughly a year after her removal order became final" such that there was no explicit revocation of release. *Id.* However, the court in *Orellano* emphasized that 8 U.S.C. § 1231(a)(2)(A) mandates that the government "shall detain" the petitioner during the removal period, and the government's decision not to do so constituted an implicit release on supervision

following the removal period. *Id.* ("[A]lthough ICE did not formally designate [the petitioner] as being on supervised release under Section 1231(a)(3) and (a)(6), her release thereunder was necessarily implied by Respondents' discretionary decision to keep her on release after the removal period, and the implementing regulations provide the process required under the statute to revoke that release."). The court further found that the government's failure to comply with the pre-deprivation procedures provided in §§ 241.4 and 241.13 constituted a violation of the petitioner's procedural right to due process because "[t]he procedures set forth in both 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 are intended to provide noncitizens with fundamental due process protections that courts have found to be constitutionally required." *Id.* at *6 (quoting *Hall v. Nessinger*, No. 25-cv-00667-JJM-PAS, 2026 WL 18583, at *4 (D.R.I. Jan. 2, 2026)). Thus, because the government failed to abide by the procedural protections of §§ 241.4 and 241.13, the court in *Orellano* ordered the petitioner's immediate release. *Id.* at *7; *see also Mekolli v. Hernandez*, No. 2:26-cv-02815-JNW, 2026 WL 2883341, at *2 (W.D. Wash. Sep. 25, 2026) (stating that ICE "effectively granted [noncitizen's] release under 8 U.S.C. § 1231(a)(6)" by failing to detain her during the removal period such that the government "was required to follow the law governing revocation of release when it detained her" again).

Here, Petitioner's order of removal became administratively final on April 4, 2024, when he waived his right to appeal that order. *See* 8 C.F.R. § 1241.1(b) (stating that an order of removal becomes administratively final "[u]pon waiver of appeal by the [noncitizen]"). Thus, Petitioner's removal period expired on July 4, 2024. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (stating that three-month removal period begins upon "the date the order of removal becomes administratively final"). Respondents elected not to detain Petitioner during this period, despite having knowledge of his presence in the United States and his address. (Doc. No. 1 at 6.) Accordingly, as in *Orellano* and *Mekolli*, Petitioner's release was necessarily implied, and Respondents were required to provide Petitioner with the pre-deprivation process provided in 8 C.F.R. §§ 241.4 and 241.13 before they could effectuate his detention. As Respondents do not allege he was detained pursuant to that process nor attach documentation of that process, Petitioner's detention violates both his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fourth

Amendment Due Process clause. Thus, the court will grant Petitioner's petition for writ of habeas corpus and motion for a temporary restraining order and will order his immediate release.

## CONCLUSION

For the reasons set forth above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) are GRANTED as follows;
    a. Respondents shall immediately release Petitioner Pedro Enrique Miranda Avila (A-220-512-002) from their custody;
    b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
    c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
    d. Respondents are enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. §§ 241.4 and 241.13;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////
/////
/////
/////
/////
/////

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dena Coggins
United States District Judge